Alice STANBACK et al., Plaintiffs,

v.

Patricia HARRIS et al., Defendants.

Civ. A. No. 77–0583.

United States District Court,
District of Columbia.

Jan. 20, 1978.

Robinwyn D. Lewis, David V. Marshall, Institute of Law & Aging, Washington, D. C., for plaintiffs.

Earl J. Silbert, U. S. Atty., Robert N. Ford, Stephen S. Cowen, Asst. U. S. Attys., Washington, D. C., for defendant Patricia Harris.

Cameron M. Blake, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for defendant Fort Lincoln New Town Corp.

## MEMORANDUM AND ORDER

WADDY, District Judge.

This civil action, filed April 1, 1977, alleged failure on the part of the Secretary of the United States Department of Housing and Urban Development (HUD) to properly perform its statutory duty and non-compliance with regulations relating to site requirements for a housing development for senior citizens known as Fort Lincoln Senior Village (Senior Village). The Complaint sought (1) to prevent further financial commitments to defendant Fort Lincoln New Town Corporation (Fort Lincoln) by defendant HUD for construction of Senior Village; (2) to enjoin HUD from entering into a Housing Assistance Payments contract with Fort Lincoln until Senior Village has been brought into compliance with the site requirements of the National Housing Act, 12 U.S.C. §§ 1701, *et seq.,* the United States Housing Act of 1937, 42 U.S.C. §§ 1401, *et seq.,* and enabling regulations; and (3) to compel Fort Lincoln to comply with site requirements of the above-named statutes, or, in the alternative, to compel Fort Lincoln to cease construction of Senior Village.

Plaintiffs Alice Stanback and Harry Belton are elderly residents of the District of Columbia who are eligible for low income housing. Belton is now a resident of Senior Village, while Stanback has been on the waiting list for publicly-assisted housing for a considerable period of time and has filed an application for housing in Senior Village. Defendant Patricia Harris is the Secretary of the Department of Housing and Urban Development. Defendant Fort Lincoln New Town Corporation is a District of Columbia corporation and is the general partner of the limited partnership known as Fort Lincoln Senior Associates No. 1, which owns Fort Lincoln Senior Village.

The case is now before the Court on Motions of each of the defendants to Dis-

miss the Complaint, or, in the alternative, for Summary Judgment, and plaintiffs' Cross-Motion for Summary Judgment. On their Cross-Motion for Summary Judgment plaintiffs, for the first time, seek additional relief not embraced in their Complaint. They contend that the existing site regulations in 24 C.F.R. § 880.112(g) are insufficient to properly implement the policies of the National Housing Act and the United States Housing Act of 1937, as amended, and seek an order directing the Secretary of HUD to promulgate more detailed enabling regulations.

## I

Senior Village is a 187-unit apartment complex designed to provide housing for the elderly. Pursuant to the National Housing Act and implementing regulations, HUD insured the project's mortgage. Further, pursuant to the United States Housing Act of 1937, as amended, and implementing regulations, HUD entered into an agreement with Fort Lincoln to provide Section 8 rental payments assistance for 100% of the Senior Village units. This funding will permit eligible tenants to reside in the project while paying no more than 25% of their annual income in rental payments.

In their Complaint plaintiffs contend that in approving the Senior Village site and agreeing with Fort Lincoln to provide Section 8 rental payments HUD failed to comply with standards required by applicable regulations and acted arbitrarily, capriciously, in abuse of its discretion and otherwise not in accordance with law. They urge this Court to grant them summary judgment consistent with the standard of review articulated in *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

The case was before the Court on June 3, 1977 for a hearing on plaintiffs' Motion for a Preliminary Injunction, following which the Court, on June 9, 1977, made detailed Findings of Fact and entered an Order denying plaintiffs preliminary injunctive relief. *Stanback v. Harris,* 434 F.Supp. 320 (D.C.1977). Those Findings of Fact num-

bered 5, 6, 7, 8, 9, 10, 11 and 13 are now found to be material facts as to which there is no genuine issue and are incorporated herein by reference. This Court also finds that there is no genuine issue with respect to the following:

a. Plaintiff Belton is now a resident of Senior Village. Plaintiff Stanback has filed an application for housing in Senior Village. (*Cf.* Finding No. 2, June 9, 1977.)

b. Senior Village is now fully occupied with the exception of the tenth floor of the project. (*Cf.* Finding No. 14, June 9, 1977.)

c. The commercial space on the ground floor of Senior Village is almost ready for occupancy, and is expected to be let for a family medical facility and a major grocery store. (*Cf.* Finding No. 15, June 9, 1977.)

d. The shuttle-bus which was to be provided to residents of Senior Village, if they so desired, is not now available. However, nothing in the record before the Court indicates that the Senior Village residents have made known to the District of Columbia their desire to secure such additional shuttle-bus service. (*See* Finding No. 16, June 9, 1977.)

e. A Washington Metropolitan Area Transit Authority (Metro) shuttle-bus, different from that referred to in ¶ d., *supra,* is now operating for the transportation of Senior Village residents between Senior Village and the Rhode Island Avenue Metro subway station. (*Cf.* Finding No. 16, June 9, 1977.)

## II

Plaintiffs argue that the HUD site evaluation for Senior Village was essentially a sham investigation in which HUD abdicated its duty to engage in independent decision making. It is plaintiffs' position that HUD, in approving the Senior Village site, relied almost entirely upon the urban renewal plan prepared by the District of Columbia Redevelopment Land Agency (DCRLA), and upon the developer's (Fort Lincoln) proposal for the project. Plaintiffs further challenge the sufficiency of the independent HUD evaluation conducted, in part, by

Russell J. Rucker, and they question Rucker's training and qualifications to conduct the site evaluation.

Aware of the advanced state of construction and near complete occupancy of Senior Village, plaintiffs do not now seek the demolition and reconstruction of Senior Village at a more satisfactory site. Rather, they have focused upon the question of adequacy of transportation provided the project's residents, and urge the Court to direct HUD to supplement existing transportation services. In plaintiffs' scenario for relief HUD would deny further mortgage assistance payments to developer Fort Lincoln until Fort Lincoln arranged to provide additional transportation to nearby shopping areas for residents of Senior Village.

Defendant HUD maintains that it did not act arbitrarily or capriciously in approving the Senior Village site, and that it has fully complied with all applicable requirements of mortgage insurance and Section 8 housing assistance payments for the project. HUD asserts that its partial reliance upon previously prepared site studies by DCRLA and Fort Lincoln was in all respects appropriate and is not evidence of abuse of discretion; and that Rucker was experienced and qualified and his site inspection on behalf of HUD was competent and adequate.

HUD also contends that more rigid site regulations would unnecessarily restrict the Secretary's flexibility and discretion in dealing with diverse housing situations across the nation, and that the present regulations are sufficient to effectuate Congressional federal housing policy. Furthermore, HUD contends that these plaintiffs lack standing to seek the promulgation of revised site regulations which would have a prospective effect only, and which would provide no relief with respect to this action concerning Senior Village.

Defendant Fort Lincoln also maintains that HUD did not act in an arbitrary and capricious manner in approving the Senior Village site. In addition Fort Lincoln urges the Court to dismiss as to Fort Lincoln for failure to state a claim upon which relief can be granted, arguing that even if it were

determined that HUD acted arbitrarily and capriciously, plaintiffs would not be entitled to any relief against the project's developer (Fort Lincoln).

### III

■ Plaintiffs argue that before HUD may approve a site for construction of new projects it must find that the facilities and services required by 24 C.F.R. § 880.112(g) exist in the neighborhood prior to construction. HUD, on the other hand, takes the position that it is within the agency's proper discretion to evaluate the neighborhood not only for the time of proposed construction, but prospectively, projecting what facilities and services will be provided by the project itself, as well as those that will exist in the neighborhood by the expected date of occupancy and thereafter.

The Court is of the opinion that HUD has taken an eminently reasonable approach to the problem of site selection under the National Housing Act and the United States Housing Act of 1937, as amended. Plaintiffs approach would necessitate the acquisition of building sites in developed neighborhoods where the higher land values would result in increased mortgage and rental payments to the developer, the eventual tenants, and the United States Treasury. The proper identification and utilization of underdeveloped neighborhoods which have been determined by HUD to have growth potential and are being developed to provide the appropriate facilities and services would appear to satisfy the statutory requirements and also to result in significant savings.

■ HUD takes a practical course in recognition of the budgetary restrictions imposed by finite resources. Furthermore, as defendants correctly note, even if this Court were of the view that HUD's approach is not the wisest, it is still an approach which has not been shown to be arbitrary or capricious. "The court is not empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971).

■ HUD's reliance upon existing Senior Village project studies by DCRLA and Fort Lincoln, combined with HUD's own review of those documents and its independent site evaluation, is not an abdication by HUD of its decision making duty. HUD appears to have taken a rational and sensible course in avoiding, as much as possible, a duplicative work effort. The agency's actions in this respect are entirely consistent with HUD's expeditious administration of its statutory duty.

Plaintiffs' allegations that the HUD Senior Village site inspection was deficient are not supported by the Rucker deposition. Indeed, the deposition evidences that Rucker was fully apprised of his responsibilities, and that his investigation adequately addressed the accessibility and suitability requirements applicable to this housing project.

■ The record in this case does not support a finding that HUD's actions were arbitrary, capricious, an abuse of discretion or otherwise not in compliance with law. Plaintiffs have failed to demonstrate a "clear error of judgment" which would warrant this Court granting them summary judgment. *Overton Park, supra,* at 416, 91 S.Ct. 814. Furthermore, it appears to the Court that if under plaintiffs' plan for relief HUD were to deny further mortgage assistance payments to Fort Lincoln until additional bus service was provided, the Senior Village residents would face an immediate and substantial rent increase. Conceivably some residents would be forced to look elsewhere for adequate, affordable housing. Such a result is not in the public interest, and perhaps not in the interests of these plaintiffs.

■ Plaintiffs' eleventh-hour attempt to seek review of the various housing act enabling regulations is misguided. This Complaint is narrowly drawn to allege deficiencies in the Senior Village project approval process. It is those allegations upon which defendants' motions are based. A motion for summary judgment is not the proper vehicle for plaintiffs' attempted amendment of their Complaint to seek a general review of the sufficiency of HUD's housing site regulations, and, therefore, that question is not properly before the Court.

■ With respect to defendant Fort Lincoln, there is no legal duty imposed, either by statute or contract, that would entitle plaintiffs to have the Court compel Fort Lincoln to provide additional bus service to residents of Senior Village. Fort Lincoln is a private developer in contractual privity with HUD. Fort Lincoln has met all its contractual obligations to HUD, and the Court has found that HUD has not acted arbitrarily or capriciously.

Therefore, the Court having considered the motions, the memoranda of points and authorities in support thereof and in opposition thereto, the exhibits, affidavits and deposition submitted in connection therewith, the entire record herein, and the arguments of counsel for the parties at the hearing, and being of the opinion that there is no genuine issue of material fact, and that plaintiffs have failed to state a claim against defendant Fort Lincoln, and that defendant HUD is entitled to judgment as a matter of ·law, for the reasons stated herein, it is by the Court this 20th day of January 1978,

ORDERED that defendant Fort Lincoln New Town Corporation's Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, treated as a Motion for Summary Judgment, pursuant to Rule 12(b), Federal Rules of Civil Procedure, be, and the same hereby is, granted, and it is further

ORDERED that defendant Secretary of Housing and Urban Development's Motion for Summary Judgment be, and the same hereby is, granted, and it is further

ORDERED that plaintiffs' Motion for Summary Judgment be, and the same hereby is, denied.